IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA. | § § | |
| V. | § § | CASE NO. 4:07cv100 |
| ALBERT LYNN BARCROFT | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING BARCROFT'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

Now before the Court are The United States' and Revenue Officer McKinney's Motion to Dismiss and Alternative Motion for Summary Judgment (Dkts. 17 & 18) and Albert Lynn Barcroft's Motion for Partial Summary Judgment (Dkt. 8). Having reviewed the pleadings, the Court GRANTS in part and DENIED in part the United States' and Revenue Officer McKinney's Motion to Dismiss and Alternative Motion for Summary Judgment (Dkts. 17 & 18) and DENIES Albert Lynn Barcroft's Motion for Partial Summary Judgment (Dkt. 8).

The record in this case is a mess. All parties are guilty of filing motions, amended motions, and responses in violation of the Rules of Civil Procedure and the local rules and practices of this Court. Additionally, many of the motions lack thorough legal support or authorities to support their positions. While some parties are *pro se*, it is curiously those who are represented by counsel to whom the most egregious errors can be attributed. The Court will nonetheless attempt to dissect the issues before it. However, the Court cautions that it will not tolerate such sloppy practices in the future – from either represented *or* unrepresented parties.

This case essentially relates to Barcroft's alleged failure to pay federal income taxes, his purported defenses thereto, and the resulting potential liens placed on his land. After some period

1

of back and forth between Barcroft and the IRS regarding unpaid taxes, Barcroft removed to this Court a "Notice of Intent to Levy and Notice of Your Right to a Hearing" issued to him by the IRS. In his Notice of Removal, Barcroft also asserted a counterclaim against Mary McKinney for deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States under 28 U.S.C. § 1983.

First, the Court must examine whether the issue of the notice of intent to levy is properly before it. Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.2d 391 (1994); *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998).

While it is true that district courts have original jurisdiction over any action for redress of deprivation of rights, privileges or immunities or laws of the United States pursuant to 28 U.S.C. § 1343(a)(3) as claimed by Barcroft, this Court does not have jurisdiction over the IRS notice of intent to levy. Primarily, Barcroft brought the notice of intent to levy into this Court through the removal process. This was improper. Barcroft could not remove the IRS's notice because it does not constitute a "civil action" brought in a state court subject to removal. *See* 28 U.S.C. §§1441-1446. While the Court agrees with Barcroft that Rule 2 of the Federal Rules of Civil Procedure and the notes accompanying it indicate that the term "civil action" should be interpreted broadly, the rules go on to state that civil actions are commenced by filing complaints, and there is no such complaint here as to the levy, only a removal. *See* FED. R. CIV. P. 3. Absent authority to the contrary, the Court declines to find that the notice of intent to levy was removable. Further, it appears that, even if the matter of the levy were properly before this Court, the Court cannot exercise jurisdiction because

Barcroft has not shown how exhausted his administrative remedies as set forth under 26 U.S.C. §§ 6320, 6330, 7432, 7433. Where a party has failed to exhaust its administrative remedies, the district court has no jurisdiction to hear the claim. *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed.2d 21 (1993).

Therefore, as to that portion of the claims here raised by Barcroft's "removal" of the notice of intent to levy, the motion to dismiss is GRANTED, and Barcroft's claims regarding "Notice of Intent to Levy and Notice of Your Right to a Hearing" are dismissed for lack of jurisdiction. In dismissing the removal of the notice of intent levy, the Court is expressly not invalidating the actual issuance of any liens or levies or any other related IRS determinations because this Court has no jurisdiction such matters at this time. Only after Barcroft has exhausted his administrative remedies – or shows why such administrative remedies do not apply– may he raise these claims here.

Barcroft also filed a counterclaim as part of his defective removal papers. This counterclaim was initially made against Mary McKinney, the IRS agent who apparently handled his account. This counterclaim was for alleged violations of 28 U.S.C. § 1983. Then, on May 21, 2007, prior to the issuance of summons on McKinney, Barcroft amended his counterclaim to include claims against the IRS. Since that date, this Court has granted a motion to substitute the IRS and McKinney in her official capacity for the United States.

McKinney and the United States now seek dismissal of these counterclaims. Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be

drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Dismissal for failure to state a claim does not require, however, an appearance that, beyond a doubt, the plaintiff can prove ***no set of facts*** in support of claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating his claim, that it may be supported some set of facts consistent with the allegations in the complaint. *Id.*

However, when the defense of qualified immunity is raised, the complaint is subjected to a heightened pleading requirement. *Baker,* 75 F.3d at 195. The complaint must state specific conduct and actions that give rise to a constitutional violation. *Id.* Conclusory allegations and assertions will not suffice. *Id.*

The Court will look at each of Barcroft's claims separately:

**McKinney Individually**

One of Defendants' grounds for dismissal of claims against McKinney in her individual capacity is that she is entitled to qualified immunity. The defense of qualified immunity shields government officials from liability when they are acting within their discretionary authority, so long as their conduct does not violate clearly established statutory or constitutional law. *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). The qualified immunity analysis is a two-step inquiry. *Michalik v. Herman*, 422 F.3d 252, 257 (5th Cir. 2005). First, the court must decide whether the plaintiff has alleged a violation of a clearly established constitutional right. *Id.*; *see also Siegert v. Gilley*, 500 U.S. 226, 231-32, 111 S. Ct. 1789, 1793, 114 L. Ed.2d 277 (1991). A right is clearly established when its contours are so "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913,

919 (5th Cir. 2000) (internal quotations omitted).

If there is no constitutional violation, the inquiry ends. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2157, 150 L. Ed.2d 272 (2001). If, however, the plaintiff has a alleged a violation of a clearly established right, the court must then determine whether the defendant's conduct was objectively reasonable under the law at the time of the incident. *Michalik*, 422 F.3d at 258. The plaintiff bears the burden of proving that a government official is not entitled to the qualified immunity defense. *Id.*

Barcroft has failed to satisfy the first prong of the qualified immunity test. All of the actions McKinney allegedly took, like sending notices of due process hearings and requesting a social security number, are provided for by either statute or IRS regulation. *See e.g.*, 26 C.F.R. § 301.6109-1(d)(4). They were part of her job duties.

The burden is on Barcroft to show how the defense of qualified immunity does not apply here. *Beltran v. City of El Paso*, 367 F.3d 299, 303 (5th Cir. 2004); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Barcroft offers little more than conclusory allegations regarding McKinney's actions; they do not satisfy his burden in proving that McKinney is not protected by qualified immunity.

**McKinney in Official Capacity and the United States (IRS)**

Defendants argue that all claims against McKinney in her official capacity and the United States should be dismissed because of the doctrine of sovereign immunity. Because of the procedural posture of this case, the Court declines to dismiss all of Barcroft's claims based on immunity at this time.

Primarily, a suit against an administrative official in his or her official capacity is in fact one against the United States. *Zapata v. Smith,* 437 F.2d 1024, 1025 (5th Cir. 1971). Hence, the official capacity claims against McKinney are treated as claims against the United States. "A party may not bring suit against the United States absent an explicit waiver of sovereign immunity by Congress. This immunity extends to the government's officers and agencies." *Drake v. Panama Canal Com'n*, 907 F.2d 532, 534 (5th Cir. 1990) (internal citations omitted); *see also Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987). "The doctrine of sovereign immunity operates to preclude lawsuits against the United States, its agencies, and its employees acting in their official capacity." *Bryan v. Stevens*, 169 F. Supp.2d 676, 681 (S.D. Tex. 2001). Thus, absent an express waiver of sovereign immunity, the United States and McKinney in her official capacity are immune from suit here. *Wagstaff v. U.S. Dept. of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007). Any ambiguities in determining whether immunity has been waived as to a certain claim must be construed in favor of immunity. *United States v. Williams,* 514 U.S. 527, 531, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995).

Barcroft has made no showing here that sovereign immunity has been waived as to his counterclaims against McKinney in her official capacity. "In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007). Without such a showing, the Court declines to exercise jurisdiction over his claims against McKinney in her official capacity here.

As to the United States, however, the Court notes that since the filing of the motion arguing that it is shielded from liability in this case as a result of sovereign immunity, the United States has filed a counterclaim against Barcroft, as well as Pamela Barcroft, the Harvey Rollander Trust a.k.a. Roland Alvin Barney, Fannin County, Texas, Leonard Independent School District, Bonham

Independent School District, Jerry W. Zumwalt and Sharla D. Zumwalt. While the original version of the United States counterclaims are made subject to this Court's ruling on the motion to dismiss (*see* Dkt. 20), the amended counterclaims make no mention of the motion to dismiss or the immunity defenses raised therein (*see* Dkts. 31 & 50). Indeed, contrary to its prior position, the United States argues that this Court has jurisdiction over its claims pursuant to 26 U.S.C. §§ 7402, 7403 and 28 U.S.C. §§ 1340 and 1345. *See* Dkt. 31 at 2. Because the United States has made affirmative claims here against Barcroft and because the United States no longer makes these claims subject to its motion to dismiss and summary judgment, the Court declines to dismiss Barcroft's counterclaims against the United States at this time. The United States can waive its sovereign immunity by filing suit. *See First Nat. Bank v. Genina Marine Services, Inc.*, 136 F.3d 391, 394-95 (5th Cir. 1998).

Because the United States filed its amended counterclaims after filing its motion to dismiss, Barcroft was not given the opportunity to show this Court why immunity has been waived. As such, the motion to dismiss is DENIED as to the claims against the United States without prejudice to the parties raising the immunities issues implicated by the United States's filing of counterclaims.

The Court also notes that the United States did not seek leave to file its second amended counterclaim, bringing Fannin County, Texas, Leonard Independent School District, Bonham Independent School District, Jerry W. Zumwalt and Sharla D. Zumwalt into the frey. Rule 15 generally requires that leave be given to make such an amendment. *See* FED. R. CIV. P. 15. However, as noted above, all parties in this proceeding have engaged in sloppy procedures. Because Rule 15 indicates leave should be freely given, the Court will not strike the counterclaim on this procedural basis at this time. However, all parties are cautioned to proceed in this case with the clarity, order, and deference to the Court contemplated by the rules of procedure.

**Barcroft's Motion for Summary Judgment**

In his summary judgment motion, Barcroft seeks summary judgment that he is entitled to sovereign immunity from this Court's jurisdiction and that his property is immune from attachment, arrest, and execution. Barcroft also asks this Court to find that "Barcroft has a right to know the constitutional authority upon which the Plaintiffs are exercising jurisdiction over him." As set forth above, the Court has no jurisdiction, removal or otherwise, at this time over the matters surrounding the notice of intent to levy. Therefore, Barcroft's motion for summary judgment as to these issues is DENIED. Finally, Barcroft asks this Court to find that he has made a claim under the First Amendment in his claim that requiring him to have a social security numbers is a violation of his free exercise of his religious belief. The Court is not clear what relief Barcroft seeks here. However, to the extent Barcroft is seeking summary judgment finding that the government's requirement that he have a social security number was a violation of his Constitutional rights, the motion is DENIED. The state of the pleadings, including the pending immunity defenses, create issues of fact, making summary judgment as to this issue inappropriate at this time.

**SO ORDERED.**

**SIGNED this 31st day of March, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE